**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **RODNEY DEWAYNE SNEED, #039033,** ) | |
| **Plaintiff,** ) | |
| **vs.** ) | **No. 3:22-CV-2655-K-BH** |
| ) | |
| **LT. D. LEE-WINSTON,** ) | |
| **Defendant.** ) | **Referred to U.S. Magistrate Judge[1]** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the plaintiff's claims should be **DISMISSED with prejudice**.

## I. BACKGROUND

Rodney Dewayne Sneed (Plaintiff), an inmate at the Navarro County Jail, sues Lt. D. Lee-Winston (Officer) in her official capacity as a police officer with the Richland Police Department under 42 U.S.C. § 1983, for allegedly violating his civil rights under the Fourth, Fifth, Sixth, and Eighth Amendments. (docs. 3 at 1, 3; 9 at 1; 11 at 5.)[2]

Plaintiff alleges that he was involved in a car accident in which he sustained injuries to his hands and face. (docs. 3 at 3; 9 at 2.) Officer arrested him at the scene of the accident and immediately took him to jail. (*Id.*) She violated his civil rights because she illegally took his property, coerced another officer to make up charges against him, did not take any pictures of the wreck, failed to take him to the hospital for his injuries, and called her husband while driving him to the jail. (*Id.*) He seeks monetary damages and release from custody. (*Id.*) No process has been issued in this case.

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

## II.  PRELIMINARY SCREENING

Because he is a prisoner, Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A.  *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).  Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if it is found to be frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

## III.  SECTION 1983

Plaintiff sues under 42 U.S.C. § 1983. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a § 1983 claim, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color

of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A.    Habeas Relief**

Part of the relief that Plaintiff seeks through this § 1983 action is release from custody. (docs. 3 at 3; 9 at 2.)[3] Release from imprisonment, or habeas relief, is an inappropriate remedy in a § 1983 action, however. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). A prisoner may only challenge the fact or duration of confinement within the exclusive scope of habeas corpus. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)). Because Plaintiff may only obtain declaratory or monetary relief in this § 1983 action, he fails to state a cause of action upon which relief may be granted on his request for release.

**B.    Non-Jural Entity**

Plaintiff expressly sues Officer in her official capacity only. (*See* doc. 9 at 1.) An official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Although a claim against Officer in her official capacity is the same as a claim against her employer, the Richland Police Department, a plaintiff may not bring a civil rights claim against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991); *see also Grayson v. Dallas Police Dep't*, No. 3:22-CV-1119-M-BK, 2023 WL 2286646, at *1 (N.D. Tex. Feb. 2, 2023), *adopted by* 2023 WL 2290784 (N.D. Tex. Feb. 28, 2023) ("Federal courts in Texas have uniformly held that entities without a separate jural existence, such as municipal police departments, are not subject to

---

[3] Plaintiff's answers to a magistrate judge's questionnaire constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

suit.") (citing cases). The plaintiff bears the burden of showing that the department of a city or county has the capacity to be sued. *See Darby*, 939 F.2d at 314. Because Plaintiff fails to allege or otherwise demonstrate that the Richland Police Department is a separate legal entity having jural authority, any claims against it should be dismissed for failure to state a claim.[4]

**C.    <u>Municipal Liability</u>**

Because the Richland Police Department is not a jural entity subject to suit, Plaintiff's claims against Officer in her official capacity can be construed as claims against the City of Richland. *See Ricks v. Mack*, No. 4:15-CV-209-A, 2015 WL 2330133, at *2 (N.D. Tex. May 14, 2015) (finding city was the proper defendant for official capacity claims asserted against employees of city's police department); *see also Gordon v. Neugebauer*, No. 1:14-CV-0093-J, 2014 WL 5531734, at *5 (N.D. Tex. Oct. 31, 2014) (construing all allegations against the Abilene Police Department as allegations against the City of Abilene).

Municipalities, including counties and cities, may be held liable under § 1983. *Hampton Co. Nat'l Sur., LLC v. Tunica County*, 543 F.3d 221, 224 (5th Cir. 2008). A municipality may be liable under § 1983 if the execution of one of its customs or policies deprives a plaintiff of his or her constitutional rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978). It is well settled that a municipality "may not be held liable under § 1983 on a basis of vicarious liability." *Hicks-Fields v. Harris Cnty., Texas*, 860 F.3d 803, 808 (5th Cir. 2017) (citing *Monell*, 436 U.S. at 690-91. "To establish municipal liability under § 1983, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation

---

[4]  Despite being advised that his official capacity claims against Officer are claims against the Richland Police Department and that it is a non-jural entity not subject to suit, Plaintiff declined to name different defendants. (*See* doc. 11 at 1-2.)

of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).

"Official municipal policy includes the decisions of a government's lawmakers, the acts of its

policymaking officials, and practices so persistent and widespread as to practically have the force

of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). "Official policy" is defined as:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted
> and promulgated by the municipality's lawmaking officers or by an official to
> whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although
> not authorized by officially adopted and promulgated policy, is so common and well
> settled as to constitute a custom that fairly represents municipal policy. Actual or
> constructive knowledge of such custom must be attributable to the governing body
> of the municipality or to an official to whom that body had delegated policy-making
> authority. Actions of officers or employees of a municipality do not render the
> municipality liable under § 1983 unless they execute official policy as above
> defined.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (per curiam); *accord Pineda v. City

of Houston*, 291 F.3d 325, 328 (5th Cir. 2002).

"The description of a policy or custom and its relationship to the underlying constitutional

violation...cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police

Dept's*, 130 F.3d 162, 167 (5th Cir. 1997) (citing *Fraire v. City of Arlington*, 957 F.2d 1268, 1278

(5th Cir. 1992)); *accord Piotrowski v. City of Houston*, 237 F.3d 567, 578-79 (5th Cir. 2001). "[A]

complaint must contain either direct allegations on every material point necessary to sustain

recovery...or contain allegations from which an inference fairly may be drawn that evidence on these

material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th

Cir. 1995) (citation omitted).

Despite opportunity, Plaintiff has failed to identify a policy or custom that was the moving

source of a constitutional violation; nor does he identify a final policy maker or attribute any of the

actions that he complains about to the same. (*See* doc. 11 at 3-4 (answering "no" to a question about whether he claims that the alleged constitutional violations occurred pursuant to an official policy or custom of the City of Richland)). Plaintiff has failed to state a viable § 1983 claim against the City of Richland, and his official capacity claims against Officer should be dismissed.

## IV.  OPPORTUNITY TO AMEND

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. Leave to amend is not necessary, however, where the plaintiff has already pled his best case. *See Wiggins v. La. State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (citations omitted).

Here, because Plaintiff has already been afforded the opportunity to clarify his claims and allege his best case through his responses to two questionnaires, leave to amend is not necessary or warranted. *See, e.g., Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (affirming district court's dismissal with prejudice where *pro se* plaintiff's response to the questionnaire showed that he had pleaded his best case); *Cobb v. Simmons*, 373 F. App'x 469, 470 (5th Cir. 2010) (affirming dismissal with prejudice where *pro se* plaintiff's questionnaire responses and objections to magistrate judge's recommendation showed he had pleaded his best case).

## V.  RECOMMENDATION

Plaintiff's claims should be **DISMISSED with prejudice** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim. This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[5]

**SO RECOMMENDED** on this 3rd day of November, 2023.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[5] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).